**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **DERRICK CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**FULL CIRCLE ENERGY, LLC**<br><br>Defendant. | Civil Action No. __________<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

This is an action for patent infringement in which Plaintiff Derrick Corporation ("Derrick" or "Plaintiff") makes the following allegations against Defendant Full Circle Energy, LLC ("Full Circle") and alleges as follows.

## **NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., for breach of contract, and for intentional interference with existing contract.

2. Derrick is the owner of a family of patents directed to vibratory screening machines, screen assemblies, and methods of screening. Derrick brings this action to remedy Defendant's manufacture, use, sale, offer for sale, and/or importation of screening systems designed and marketed for use in Derrick's Hyperpool® and Hyperpool GT® vibratory screening machines (the "Accused Products"), which infringe Derrick's patents directly, contributorily, and via inducement. Derrick further brings this action to remedy Full Circle's breach, as a successor in interest, of a written settlement agreement executed on March 6, 2017 ("Settlement Agreement").

Derrick further brings this action to remedy Full Circle's interference with Jeffrey Walker's ("Walker") breach of the Settlement Agreement.

## THE PARTIES

3. Plaintiff Derrick Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 590 Duke Road, Buffalo, New York 14225.

4. Defendant Full Circle Energy, LLC is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business at 13403 Sundowner Drive, Houston, Texas 77041, and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(a) because that claim is so related to the patent infringement claims that it forms part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant because Defendant has committed acts of infringement within this judicial district, has transacted business within this judicial district, and/or maintains a regular and established place of business within this judicial district, thereby subjecting Defendant to personal jurisdiction in this Court.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Full Circle resides in the district and has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district.

# FACTUAL BACKGROUND

Derrick and Its Patented Screening Technology

8. Derrick is a leading designer and manufacturer of vibratory screening machines and screening technology used in, among other industries, oil and gas drilling and mineral processing. For years, Derrick has invested substantial resources in the research, design, and development of its screening machines and screen assemblies, including the Hyperpool® and Hyperpool GT® vibratory shakers.

9. Derrick's research, design, and development efforts have led to numerous innovations in vibratory screening technology, including the technology claimed in the patents asserted in this action.

The Settlement Agreement and Defendant's Breach

10. Defendant is no stranger to infringement of Derrick's intellectual property rights.

11. As recently as eight months ago, on behalf of Full Circle, Walker was marketing shaker screens on a public LinkedIn page and representing that he was acting on behalf of "Screen Logix, a division of Full Circle Energy."


Jeff Walker • 2nd
8mo
Walker Oilfield Services Consulting. 45 years in solids control/ screen manu...

Well said. I'd like an opportunity to discuss further, and explore possible opportunities, that our group of solids control/ screen manufacturing experts can help you navigate.
Kindest regards
Jeff Walker ( 337-789-0286) 24-7-365
jeff.walker57@icloud.com
Screen Logix
A division of Full Circle Energy

Like | Reply

12. In 1988, Walker founded Advanced Wire Cloth, Inc., an independent oilfield screen manufacturer.

13. Advanced Wire Cloth, Inc. was later acquired by National Oilwell Varco, L.P. - Brandt ("NOV").

14. Walker served as president of Advanced Wire Cloth, where he was directly involved with the infringement of Derrick's patents on corrugated screens, resulting in the litigation captioned *Derrick Mfg. Corp. v. Advanced Wire Cloth, Inc.*, Nos. H-94-2417, H-95-3563 (S.D. Tex.) ("the Advanced Wire Cloth litigation").

15. The Advanced Wire Cloth litigation resulted in a settlement, including a finding in an Agreed Final Judgment that the defendant had infringed Derrick's patents.

16. However, just a few years later, Derrick discovered that Advanced Wire Cloth was selling the same screens in direct violation of the Agreed Final Judgment, forcing Derrick to file a Motion for Contempt against Advanced Wire Cloth to enforce the same.

17. As president and founder of Advanced Wire Cloth, Walker was well aware of the Advanced Wire Cloth litigation in which Advanced Wire Cloth admitted infringement and acknowledged the validity and enforceability of Derrick's patents.

18. Next, in 2015 and 2016, Derrick was again forced to sue Walker and Screen Logix (Walker served as President) for patent infringement in two separate cases in the Western District of Louisiana for making, using, and selling replacement screens for the Derrick Hyperpool® and Dual Pool® 600. That case was also settled favorably for Derrick and resulted in the March 6, 2017 Settlement Agreement wherein Walker and Screen Logix admitted to patent infringement and patent validity.

19. The Settlement Agreement resolved these two prior patent infringement lawsuits that Derrick had filed against Walker, Screen Logix, LLC, and Axon EP, Inc., d/b/a Axon Energy Products in the United States District Court for the Western District of Louisiana: *Derrick Corp.*

*v. Screen Logix, LLC, et al.*, No. 6:15-cv-01238 (“Action I”), and *Derrick Corp. v. Screen Logix, LLC, et al.*, No. 6:16-cv-0128 (“Action II”). Effective March 6, 2017, Derrick, Walker (individually), Screen Logix, LLC, and Axon EP, Inc., d/b/a Axon Energy Products entered into the Settlement Agreement to resolve those actions, thereby creating a valid and enforceable contract between and among the parties to it. At the time of those actions, Walker was the President of Screen Logix and directed the manufacture, marketing, use and sale of the replacement screens that gave rise to those actions.

20. In the Settlement Agreement, Walker, together with Screen Logix, LLC and Axon EP, Inc., admitted that the Derrick Action II Patents—including U.S. Patent Nos. 7,578,394; 8,443,984; 9,027,760; 8,910,796; 9,199,279; 9,370,797; and 9,370,798—are valid and enforceable, and agreed not to challenge, directly or indirectly, their validity or enforceability. Walker further admitted that the Derrick Hyperpool® and Dual Pool® 600 series replacement screens that he, Screen Logix, and Axon had manufactured, sold, and offered for sale in the United States infringe the asserted claims of the Derrick Action II Patents, alone or in combination with Derrick Hyperpool® and Dual Pool® 600 series shaker machines.

21. In particular, in Section 4.2(c) of the Settlement Agreement, the parties to the Settlement Agreement agreed, until the last to expire of the Derrick Action II Patents, not to use, sell, offer for sale, manufacture or have manufactured in the United States, or import into the United States, directly or through intermediaries, the replacement screens or related products compatible with the Derrick Hyperpool® and Dual Pool® 600 series shaker machines at issue in Action II, or compatible with future shaker machines employing the compression technology of the Derrick Action II Patents, and agreed not to assist others in any way in using, selling, offering to sell, manufacturing, or importing such replacement screens.

22. Under Section 7.1 of the Settlement Agreement, the Settlement Agreement is binding on, and inures to the benefit of, the parties and their successors in interest and assignees of all or substantially all of their assets, shares, or interests. Strox Systems, LLC ("Strox Systems") is bound by the Settlement Agreement as a successor in interest to Screen Logix through Strox Systems' 2017 acquisition of Screen Logix. Full Circle is affiliated with, and operates as a successor in interest to, the replacement screen business of Screen Logix and Strox Systems and is likewise bound by the Settlement Agreement. This affiliation is reflected in, among other things, public records: Full Circle advertises "Sierra™" screens for sale on its website, the SIERRA trademark is owned by Strox Systems (U.S. Reg. No. 6,329,647), and Michael Monahan, a manager of Full Circle, is also an executive director of Strox Systems. This affiliation is also reflected by the fact that Full Circle's registration with the Louisiana Secretary of State lists its "Principal Business Establishment" at 618 Hangar Drive, New Iberia, Louisiana, 70560. This is the same address as Strox's physical address, at least as listed on its website.

23. Walker also maintained a direct relationship with Full Circle. Walker worked for Full Circle in some capacity until he resigned on February 27, 2026, and at least during approximately September to October 2025 he advertised and offered for sale an "upgrade kit" for Derrick's Hyperpool® shakers, which, on information and belief, is the "Hypa Flo Upgrade kit for Hyperpool® shakers" offered by Full Circle. Despite these clear and express obligations, Full Circle, as successor in interest to Screen Logix, has breached, and continues to breach, the Settlement Agreement, including at least by manufacturing, using, selling, offering for sale, and/or importing the Accused Products—replacement screens and related screen mounting devices compatible with the Derrick Hyperpool® and Hyperpool GT® vibratory screening machines, which employ the compression technology of the Derrick Action II Patents—in violation of Section

4.2(c), and by assisting others in doing so. These acts constitute a failure to perform express obligations under the Settlement Agreement and are therefore breaches of the Settlement Agreement. These breaches have damaged Derrick and unjustly enriched Defendant.

The Accused Products

24. Full Circle designs, manufactures, uses, sells, offers for sale, and/or imports a screening system, marketed and sold as replacement screens for the Derrick Hyperpool® and Hyperpool GT® vibratory screening machines.

25. The Accused Products include replacement screen assemblies that are specifically designed to be installed in, and used with, Derrick's Hyperpool® and Hyperpool GT® vibratory screening machines.

26. On information and belief, the Accused Products are especially made and adapted for use with Derrick's Hyperpool® and Hyperpool GT® vibratory screening machines and have no substantial non-infringing use. The Accused Products are a material component of the patented vibratory screening machines, and Full Circle sells them knowing they are specially made for an infringing use.

**THE ASSERTED PATENTS**

27. United States Patent No. 7,578,394 (the "'394 Patent"), entitled "Method and Apparatuses for Screening," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on August 25, 2009, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the '394 Patent, including the sole and exclusive right to bring a claim for its infringement. A copy of the '394 Patent is attached as Exhibit A.

28. United States Patent No. 8,910,796 (the "'796 Patent"), entitled "Method and Apparatuses for Screening," was duly and legally issued by the USPTO on December 16, 2014, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the '796 Patent. A copy of the '796 Patent is attached as Exhibit B.

29. United States Patent No. 9,027,760 (the "'760 Patent"), entitled "Method and Apparatuses for Screening," was duly and legally issued by the USPTO on May 12, 2015, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the '760 Patent. A copy of the '760 Patent is attached as Exhibit C.

30. United States Patent No. 9,144,825 (the "'825 Patent"), entitled "Method and Apparatuses for Screening," was duly and legally issued by the USPTO on September 29, 2015, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the '825 Patent. A copy of the '825 Patent is attached as Exhibit D.

31. United States Patent No. 9,199,279 (the "'279 Patent"), entitled "Method and Apparatuses for Screening," was duly and legally issued by the USPTO on December 1, 2015, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the '279 Patent. A copy of the '279 Patent is attached as Exhibit E.

32. United States Patent No. 9,370,798 (the "'798 Patent"), entitled "Method and Apparatuses for Screening," was duly and legally issued by the USPTO on June 21, 2016, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation.

Derrick owns the entire right, title, and interest in and to the ’798 Patent. A copy of the ’798 Patent is attached as Exhibit F.

33. United States Patent No. 9,914,153 (the “’153 Patent”), entitled “Method and Apparatuses for Screening,” was duly and legally issued by the USPTO on March 13, 2018, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the ’153 Patent. A copy of the ’153 Patent is attached as Exhibit G.

34. United States Patent No. 9,956,591 (the “’591 Patent”), entitled “Method and Apparatuses for Screening,” was duly and legally issued by the USPTO on May 1, 2018, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the ’591 Patent. A copy of the ’591 Patent is attached as Exhibit H.

35. United States Patent No. 10,603,692 (the “’692 Patent”), entitled “Method and Apparatus for Screening,” was duly and legally issued by the USPTO on March 31, 2020, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the ’692 Patent. A copy of the ’692 Patent is attached as Exhibit I.

36. United States Patent No. 10,974,282 (the “’282 Patent”), entitled “Method and Apparatuses for Screening,” was duly and legally issued by the USPTO on April 13, 2021, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the ’282 Patent. A copy of the ’282 Patent is attached as Exhibit J.

37. United States Patent No. 11,338,327 (the "'327 Patent"), entitled "Method and Apparatuses for Screening," was duly and legally issued by the USPTO on May 24, 2022, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the '327 Patent. A copy of the '327 Patent is attached as Exhibit K.

38. United States Patent No. 11,344,917 (the "'917 Patent"), entitled "Method and Apparatus for Screening," was duly and legally issued by the USPTO on May 31, 2022, to inventors Keith Wojciechowski and Christian Newman, and is assigned to Derrick Corporation. Derrick owns the entire right, title, and interest in and to the '917 Patent. A copy of the '917 Patent is attached as Exhibit L.

39. The '394, '796, '760, '825, '279, '798, '153, '591, '692, '282, '327, and '917 Patents are collectively referred to herein as the "Asserted Patents." Each of the Asserted Patents claims patent-eligible subject matter and is valid and enforceable.

40. At all relevant times, Plaintiff has provided constructive notice of its patent rights pursuant to 35 USC 287(a). Specifically, Plaintiff has marked its patented products with a tag that points to the publicly available website, www.derrick.com/patents/ that associates the patented articles with the applicable patent numbers. The website has continuously associated the patented articles with the asserted patents, thereby providing constructive notice under 35 U.S.C. § 287(a). Accordingly, Plaintiff is entitled to recover damages for infringement occurring after the commencement of such virtual marking, in addition to any damages recoverable following Defendant's actual notice of infringement.

**COUNT I — BREACH OF THE SETTLEMENT AGREEMENT**

41. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 as though fully set forth herein.

42. The Settlement Agreement, entered into effective March 6, 2017 between Derrick, on the one hand, and Walker (individually), Screen Logix, LLC, and Axon EP, Inc., d/b/a Axon Energy Products, on the other hand, created a valid and enforceable contract.

43. On information and belief, Full Circle is affiliated with, and operates as a successor in interest to, the replacement screen business of Screen Logix and Strox Systems, LLC—which is itself bound by the Settlement Agreement as a successor in interest to Screen Logix through its 2017 acquisition of Screen Logix—and, pursuant to Section 7.1 of the Settlement Agreement, Full Circle is bound by the obligations undertaken in the Settlement Agreement.

44. Derrick has performed all of its obligations and satisfied all conditions precedent under the Settlement Agreement.

45. Defendant has breached the Settlement Agreement, including at least by manufacturing, using, selling, offering for sale, using, inducing and/or importing the Accused Products, and by assisting others in doing so, in violation of Section 4.2(c) of the Settlement Agreement. The Accused Products are replacement screens compatible with the Derrick Hyperpool® and Hyperpool GT® vibratory screening machines, which employ the compression technology of the Derrick Action II Patents, and thus fall squarely within the scope of Screen Logix's and Walker's covenant not to make, sell, offer for sale, use, induce and/or import such screens. Defendant's conduct constitutes a failure to perform express obligations under the Settlement Agreement and is therefore a breach of the Settlement Agreement.

46. As a direct and proximate result of Defendant's breaches of the Settlement Agreement, Derrick has been and will continue to be injured, has lost and will continue to lose sales, and has suffered and will continue to suffer irreparable harm to its business, business reputation, and intellectual property rights, for which there is no adequate remedy at law, and Derrick is entitled to damages as well as preliminary and permanent injunctive relief enforcing the Settlement Agreement and enjoining Defendant's continuing breaches.

**COUNT II — INFRINGEMENT OF U.S. PATENT NO. 7,578,394**

47. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48. Defendant has directly infringed and continues to directly infringe the '394 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '394 Patent, as set forth in Exhibit M.

49. Defendant is likewise liable as a contributory infringer of the '394 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '394 Patent, including the vibratory screening machine claims and method claims. As set forth in Exhibit M, the Accused Products are replacement screens that are a material component of the patented vibratory screening machine, and Full Circle sells them knowing they are especially made or especially adapted for use in an infringement of the '394 Patent, and the Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing use. Users of the Accused Products, including purchasers who install the Accused

Products in Derrick Hyperpool® and Hyperpool GT® machines and operate those machines, directly infringe claims of the ’394 Patent.

50. On information and belief, Defendant has had knowledge of the ’394 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

51. Defendant has induced and continues to induce infringement of the ’394 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’394 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

52. Defendant has had knowledge of the ’394 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’394 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’394 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

53. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick’s rights, and will continue unless enjoined by this Court.

Derrick has been, is being, and will continue to be injured and damaged by Defendant's infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

54. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT III — INFRINGEMENT OF U.S. PATENT NO. 8,910,796**

55. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 54 as though fully set forth herein.

56. Defendant has directly infringed and continues to directly infringe the '796 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '796 Patent, including at least one claim, as set forth in Exhibit N.

57. Defendant is likewise liable as a contributory infringer of the '796 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '796 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '796 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '796 Patent.

58. On information and belief, Defendant has had knowledge of the ’796 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

59. Defendant has induced and continues to induce infringement of the ’796 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool® GT vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’796 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

60. Defendant has had knowledge of the ’796 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’796 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’796 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool® GT vibratory screening machines.

61. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick’s rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

62. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT IV — INFRINGEMENT OF U.S. PATENT NO. 9,027,760**

63. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62 as though fully set forth herein.

64. Defendant has directly infringed and continues to directly infringe the '760 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '760 Patent, including at least one claim, as set forth in Exhibit O.

65. Defendant is likewise liable as a contributory infringer of the '760 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '760 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '760 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '760 Patent.

66. On information and belief, Defendant has had knowledge of the ’760 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

67. Defendant has induced and continues to induce infringement of the ’760 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’760 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

68. Defendant has had knowledge of the ’760 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’760 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’760 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

69. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick’s rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

70. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT V — INFRINGEMENT OF U.S. PATENT NO. 9,144,825**

71. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 70 as though fully set forth herein.

72. Defendant has directly infringed and continues to directly infringe the '825 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '825 Patent, including at least one claim, as set forth in Exhibit P.

73. Defendant is likewise liable as a contributory infringer of the '825 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '825 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '825 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '825 Patent.

74. On information and belief, Defendant has had knowledge of the ’825 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

75. Defendant has induced and continues to induce infringement of the ’825 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’825 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

76. Defendant has had knowledge of the ’825 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’825 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’825 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

77. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick’s rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

78. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT VI — INFRINGEMENT OF U.S. PATENT NO. 9,199,279**

79. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 78 as though fully set forth herein.

80. Defendant has directly infringed and continues to directly infringe the '279 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '279 Patent, including at least one claim, as set forth in Exhibit Q.

81. Defendant is likewise liable as a contributory infringer of the '279 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '279 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '279 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '279 Patent.

82. On information and belief, Defendant has had knowledge of the ’279 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

83. Defendant has induced and continues to induce infringement of the ’279 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’279 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

84. Defendant has had knowledge of the ’279 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’279 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’279 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

85. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick’s rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

86. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT VII — INFRINGEMENT OF U.S. PATENT NO. 9,370,798**

87. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 86 as though fully set forth herein.

88. Defendant has directly infringed and continues to directly infringe the '798 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '798 Patent, including at least one claim, as set forth in Exhibit R.

89. Defendant is likewise liable as a contributory infringer of the '798 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '798 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '798 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '798 Patent.

90. On information and belief, Defendant has had knowledge of the ’798 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

91. Defendant has induced and continues to induce infringement of the ’798 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’798 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

92. Defendant has had knowledge of the ’798 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’798 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’798 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

93. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick’s rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

94. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

## COUNT VIII — INFRINGEMENT OF U.S. PATENT NO. 9,914,153

95. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 94 as though fully set forth herein.

96. Defendant has directly infringed and continues to directly infringe the '153 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '153 Patent, including at least one claim as set forth in Exhibit S.

97. Defendant is likewise liable as a contributory infringer of the '153 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '153 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '153 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '153 Patent.

98. On information and belief, Defendant has had knowledge of the ’153 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

99. Defendant has induced and continues to induce infringement of the ’153 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’153 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

100. Defendant has had knowledge of the ’153 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’153 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’153 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

101. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick's rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

102. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT IX — INFRINGEMENT OF U.S. PATENT NO. 9,956,591**

103. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 102 as though fully set forth herein.

104. Defendant has directly infringed and continues to directly infringe the '591 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '591 Patent, including at least one claim, as set forth in Exhibit T.

105. Defendant is likewise liable as a contributory infringer of the '591 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '591 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '591 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '591 Patent.

106. On information and belief, Defendant has had knowledge of the ’591 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

107. Defendant has induced and continues to induce infringement of the ’591 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’591 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

108. Defendant has had knowledge of the ’591 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’591 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’591 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

109. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick's rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

110. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

## COUNT X — INFRINGEMENT OF U.S. PATENT NO. 10,603,692

111. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 110 as though fully set forth herein.

112. Defendant has directly infringed and continues to directly infringe the '692 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '692 Patent, including at least one claim, as set forth in Exhibit U.

113. Defendant is likewise liable as a contributory infringer of the '692 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '692 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '692 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '692 Patent.

114. On information and belief, Defendant has had knowledge of the ’692 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

115. Defendant has induced and continues to induce infringement of the ’692 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’692 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

116. Defendant has had knowledge of the ’692 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’692 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’692 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

117. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick's rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

118. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT XI — INFRINGEMENT OF U.S. PATENT NO. 10,974,282**

119. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 118 as though fully set forth herein.

120. Defendant has directly infringed and continues to directly infringe the '282 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '282 Patent, including at least one claim, as set forth in Exhibit V.

121. Defendant is likewise liable as a contributory infringer of the '282 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '282 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '282 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '282 Patent.

122. On information and belief, Defendant has had knowledge of the ’282 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

123. Defendant has induced and continues to induce infringement of the ’282 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’282 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

124. Defendant has had knowledge of the ’282 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’282 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’282 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

125. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick's rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

126. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT XII — INFRINGEMENT OF U.S. PATENT NO. 11,338,327**

127. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 126 as though fully set forth herein.

128. Defendant has directly infringed and continues to directly infringe the '327 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '327 Patent, including at least one claim, as set forth in Exhibit W.

129. Defendant is likewise liable as a contributory infringer of the '327 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '327 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '327 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '327 Patent.

130. On information and belief, Defendant has had knowledge of the ’327 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

131. Defendant has induced and continues to induce infringement of the ’327 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’327 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

132. Defendant has had knowledge of the ’327 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’327 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’327 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

133. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick's rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

134. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT XIII — INFRINGEMENT OF U.S. PATENT NO. 11,344,917**

135. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 134 as though fully set forth herein.

136. Defendant has directly infringed and continues to directly infringe the '917 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States the Accused Products, which practice one or more claims of the '917 Patent, including at least one claim, as set forth in Exhibit X.

137. Defendant is likewise liable as a contributory infringer of the '917 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States, and/or imported into the United States, the Accused Products, which constitute a material part of the inventions claimed in the '917 Patent. The Accused Products are a material component of the patented vibratory screening machine, are known by Defendant to be especially made or especially adapted for use in an infringement of the '917 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, such that users who install and operate the Accused Products in the Derrick Hyperpool® and Hyperpool GT® machines directly infringe the '917 Patent.

138. On information and belief, Defendant has had knowledge of the ’917 Patent at least by virtue of the Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. Defendant’s infringement has been, and continues to be, willful and deliberate.

139. Defendant has induced and continues to induce infringement of the ’917 Patent under 35 U.S.C. § 271(b). Defendant actively encourages and instructs its customers and end users to install the Accused Products in, and to modify, Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines, and to use those machines with the Accused Products in a manner that directly infringes the ’917 Patent. Defendant provides the Accused Products, together with instructions, technical support, and/or marketing materials that direct and encourage such infringing installation and use.

140. Defendant has had knowledge of the ’917 Patent at least by virtue of the March 6, 2017 Settlement Agreement and patent marking and, in any event, no later than the filing and service of this Complaint. With that knowledge, Defendant specifically intends to cause, and has taken affirmative steps to cause, its customers and end users to directly infringe the ’917 Patent, knowing that the encouraged acts constitute infringement. As a result of Defendant’s active inducement, customers and end users have directly infringed and continue to directly infringe the ’917 Patent by installing and operating the Accused Products in Derrick’s Hyperpool® and Hyperpool GT® vibratory screening machines.

141. Defendant’s acts of infringement have been without license or authorization from Derrick, are in violation of Derrick's rights, and will continue unless enjoined by this Court. Derrick has been, is being, and will continue to be injured and damaged by Defendant’s

infringement, for which Derrick is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285, and to injunctive relief under 35 U.S.C. § 283.

142. Defendant's intentional, deliberate and willful acts constitute a willful violation of 35 U.S.C. § 284 and render this case exceptional, entitling Derrick to an award of its attorneys' fees pursuant to 35 U.S.C. § 285 and treble damages pursuant to 35 U.S.C. § 284.

**COUNT XIV — TORTIOUS INTERFERENCE WITH EXISTING CONTRACT**

145. Derrick realleges and incorporates by reference the allegations set forth in paragraphs 1 through 144 as though fully set forth herein.

146. As set forth above, the Settlement Agreement, entered into effective March 6, 2017, is a valid and enforceable contract between Derrick and Walker (individually), among others. Under the Settlement Agreement, Walker agreed, among other things, not to use, sell, offer for sale, manufacture or have manufactured in the United States, or import into the United States, directly or through intermediaries, replacement screens or related products compatible with the Derrick Hyperpool® and Dual Pool® 600 series shaker machines, or compatible with future shaker machines employing the compression technology of the Derrick Action II Patents, and agreed not to assist others in any way in using, selling, offering to sell, manufacturing, or importing such replacement screens.

147. On information and belief, Full Circle had actual knowledge of the Settlement Agreement and of Walker's obligations thereunder, including his covenant not to manufacture, sell, offer for sale, use, or import replacement screens compatible with Derrick's vibratory screening machines. Full Circle's knowledge is evidenced by, among other things, its affiliation with and succession in interest to Screen Logix and Strox Systems, LLC, entities that were parties to or bound by the Settlement Agreement, and by Walker's direct relationship with Full Circle.

148. Despite its knowledge of the Settlement Agreement and Walker's obligations thereunder, Full Circle willfully and intentionally interfered with the contractual relationship between Derrick and Walker. On information and belief, Full Circle employed or engaged Walker, and directed, encouraged, and/or induced Walker to manufacture, market, sell, offer for sale, and/or import replacement screens and related products—including the Accused Products—compatible with Derrick's Hyperpool® and Hyperpool GT® vibratory screening machines, in direct violation of Walker's obligations under Section 4.2(c) of the Settlement Agreement.

149. Specifically, on information and belief, Walker advertised and offered for sale on behalf of Full Circle an "upgrade kit" for Derrick's Hyperpool® shakers, which, on information and belief, is the "Hypa Flo Upgrade kit for Hyperpool® shakers" offered by Full Circle. Walker also marketed shaker screens on a public LinkedIn page, representing that he was acting on behalf of "Screen Logix, a division of Full Circle Energy." These acts were undertaken at the direction of, in concert with, and/or for the benefit of Full Circle, and were in direct contravention of Walker's obligations under the Settlement Agreement.

150. Full Circle's interference with the Settlement Agreement was willful and intentional. Full Circle knew of the existence and terms of the Settlement Agreement, knew that Walker was bound by its restrictive covenants, and nevertheless procured, induced, and encouraged Walker's breach of those covenants for Full Circle's own commercial benefit.

151. Full Circle's tortious interference was a proximate cause of Walker's breach of the Settlement Agreement, and but for Full Circle's interference, Walker would have continued to perform his obligations under the Settlement Agreement.

152. As a direct and proximate result of Full Circle's tortious interference with the Settlement Agreement, Derrick has been and will continue to be injured, has lost and will continue

to lose sales and market share, and has suffered and will continue to suffer irreparable harm to its business, business reputation, goodwill, and intellectual property rights, for which there is no adequate remedy at law.

153. Derrick is entitled to recover actual damages, including lost profits and other consequential damages, resulting from Full Circle's tortious interference.

154. Full Circle's conduct was willful, wanton, and undertaken with conscious indifference to the rights of Derrick, entitling Derrick to an award of exemplary damages.

**DEMAND FOR JURY TRIAL**

143. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Derrick hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Derrick Corporation respectfully requests that this Court enter judgment in its favor and against Defendant Full Circle Energy, LLC as follows:

A. A judgment that Defendant has directly infringed, and continues to directly infringe, each of the Asserted Patents in violation of 35 U.S.C. § 271(a);

B. A judgment that Defendant has contributorily infringed, and continues to contributorily infringe, each of the Asserted Patents in violation of 35 U.S.C. § 271(c);

C. A judgment that Defendant has induced infringement of, and continues to induce infringement of, each of the Asserted Patents in violation of 35 U.S.C. § 271(b);

D. A judgment that Defendant has breached the Settlement Agreement;

E. A judgment that Defendant intentionally interfered with the Settlement Agreement between Derrick and Walker;

F. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendant and its officers, agents, servants, employees, successors, and assigns, and all others in active concert or participation with any of them, from further infringement of the Asserted Patents including by making, using, selling, offering for sale, inducing or contributing to the use, or importing the Accused Products;

G. Preliminary and permanent injunctive relief enforcing the Settlement Agreement and enjoining Defendant and its officers, agents, servants, employees, successors, and assigns, and all others in active concert or participation with any of them, from further breaching the Settlement Agreement, including by making, using, selling, offering for sale, or importing the Accused Products;

H. An award of damages adequate to compensate Derrick for Defendant’s infringement of the Asserted Patents, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

I. An award of enhanced damages up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284, for Defendant’s willful infringement;

J. An award of damages adequate to compensate Derrick for Defendant’s breaches of the Settlement Agreement;

K. A judgment that this is an exceptional case and an award of Derrick's reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

L. An award of supplemental damages for any continuing infringement, together with an accounting; and

Such other and further relief as this Court deems just and proper.

Dated: September 01, 2026

Respectfully submitted,

By: */s/ Eric D. Wade*

Eric D. Wade
State Bar No. 00794802
Sarah J. Ring
State Bar No. 24056213
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6655
(713) 226-6255 (facsimile)
ewade@porterhedges.com
sring@porterhedges.com

ATTORNEYS FOR PLAINTIFF DERRICK CORPORATION